## JOE SMARAK, RESPONDENT, v. MIKE SEGUSSE, APPELLANT.

### Submitted July 5, 1917—Decided November 19, 1917.

1. The facts found by the District Court will be presumed to rest on competent proof when nothing appears to the contrary, and will be accepted by the Supreme Court on review.
2. One who hired a horse, not for a particular journey, but for an indefinite period, which after ten days became sick, cannot recover from the owner expenses laid out in its cure without the knowledge or request of the owner, when it appeared that the owner was at all times accessible and might have been but was not consulted, and when it further appeared that sufficient time elapsed before any expense was incurred to have enabled the hirer, if he had seen fit, to notify the owner of the horse's condition and to have enabled the owner, if he had been promptly informed, to bring the horse home.
3. Where the voice of the person whose telephonic communication is sought to be proved was recognized by the other party to the conversation, the latter may testify to such communication, the probative force of the evidence being for the jury to determine. But the burden of proof always rests upon the party introducing the evidence to establish by some proof, either direct or circumstantial, the identity of the person speaking.

---

On appeal from the Second District Court of the city of Newark.

Before Justices GARRISON, TRENCHARD and MINTURN.

For the appellant, *Thomas Brunetto* and *Howard F. Kirk.*

For the respondent, *Selig Schwartz* and *Samuel Roessler.*

The opinion of the court was delivered by

TRENCHARD, J. This is an appeal by the defendant below from a judgment in favor of the plaintiff.

The defendant, a truckman, hired from the plaintiff, a horse dealer, several horses for use in his business, agreeing to pay therefor $1.50 for every day he kept each horse.

The plaintiff brought this suit to recover $57, being compensation at that rate.

The defendant, by way of recoupment, claimed $67 for expenses alleged to have been incurred by him in providing a veterinarian and medicine for one of the horses, a sorrel mare.

We are of the opinion that the judgment of the trial judge, sitting without a jury, in favor of the plaintiff and against the defendant must be affirmed.

The chief complaint on this appeal is respecting the refusal to allow the defendant's claim by way of recoupment.

The trial judge found that "after the mare had been in the possession of the defendant for ten days she became sick; that after the mare became sick, and before defendant had incurred any of the expenses claimed, the defendant had ample means and opportunity to inform the plaintiff of the mare's condition and obtain his instructions as to the care of her; that none of the expenses so incurred were incurred until after the lapse of sufficient time to enable the plaintiff, if promptly informed, to bring her home; that at no time during the mare's sickness did the defendant inform the plaintiff of it."

These facts found by the court will be presumed to rest on competent proof, nothing appearing to the contrary, and will be accepted by this court. *Dordoni* v. *Hughes,* 83 *N. J. L.* 355.

We think that the defendant, having incurred the expenses without either the knowledge or request of the plaintiff, can-

not recover from the plaintiff therefor, under the circumstances of the present case.

The moneys which the defendant expended in caring for the plaintiff's mare were expended voluntarily and without any express promise by the plaintiff that he would pay them, and a promise to pay cannot be implied, for there were no circumstances existing which raised an implied promise.

The case is to be distinguished from one where services rendered without one's consent are knowingly accepted by him, he being in a position to accept or refuse them at his option. Here the owner was not in a position to accept or refuse the services, since he was not at any time aware of the fact that services were being rendered or expenses were being incurred. There is also a clear distinction between this case and one in which service is rendered "under circumstances which negative the idea that it is gratuitous." *Colloty* v. *Schuman,* 76 *N. J. L.* 502.

Nor does the present case come within the exception mentioned by Mr. Justice Ford, in *Force* v. *Haines,* 17 *N. J. L.* 385, "that where a person lies under a moral and legal obligation to do an act, and another does it for him under such circumstances of urgent necessity that humanity and decency admit of no time for delay, the law will *imply* a promise to pay without proof of an actual promise." In the present case, the owner was accessible and sufficient time elapsed to have enabled the defendant, if he had seen fit, to notify the plaintiff of the mare's condition, and for the plaintiff to bring her home, before the defendant incurred any expense.

The case at bar is also to be distinguished from a case where a horse is let for a particular journey, as in *Leach* v. *French,* 69 *Me.* 389. The rule in such instance is laid down by Mr. Justice Barrows: "One who lets a horse impliedly undertakes that the animal shall be capable of performing the journey for which he is let; and if, without the fault of the hirer, he becomes disabled by lameness or sickness so that the hirer is compelled to incur expense to procure other means of returning, such expense may be recouped against the demand of the bailor for the services." * * * "In such case the

hirer is, *ex necessitate,* the agent of the owner to procure such reasonable and necessary sustenance and farrier's attendance as might be required until the animal could be got home."

The present case is not one in which there was a hiring for a particular journey. Here the hirer agreed to pay $1.50 per day for every day that he kept the plaintiff's horse for an indefinite period. Besides, the defendant incurred no expenses "until after the lapse of time sufficient to enable the plaintiff, if promptly informed, to bring her home."

It is clear, then, that the defendant cannot recover the expenses incurred, since they were incurred without the knowledge or request of the plaintiff, and since no circumstances existed which implied a promise on the part of the plaintiff to reimburse the defendant.

It is also argued that the trial judge erred in refusing "to permit the veterinarian, offered by the defendant as a witness, to testify to a conversation by telephone with one whose voice the witness said he did not recognize, but who informed witness he was a servant of plaintiff."

We think the trial judge right.

No doubt, where the voice of the person whose telephonic communication is sought to be proved was recognized by the other party to the conversation, the latter may testify to such communication, the probative force of the evidence being for the jury to determine. *Murphey-Hardy Lumber Co.* v. *Roder,* 83 *N. J. L.* 34.

But that rule has no application here for the reason that the witness did not recognize the voice.

It is argued that where a person calls on the telephone a business establishment, the fact that the telephone is answered by a person who claims to represent that establishment and carries on a conversation as to a matter of business, is *prima facie* evidence of the identity and authority of the person so answering. But this case does not call for a determination of that question, for the reason that, so far as the state of the case shows, there was no evidence that the witness called and talked to the plaintiff's place of business.

The burden of proof always rests upon the party introducing evidence of what was said over a telephone to establish by some proof, either direct or circumstantial, the identity of the person speaking. There being no such proof in the present case the evidence was properly excluded.

The judgment below will be affirmed, with costs.